**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 10-20864
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NELSON ALBERTO HERNANDEZ, also known as Nelson Albert Hernandez,
also known as Nelson Hernandez, also known as Nelson Garcia-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-429-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nelson Alberto Hernandez pleaded guilty to illegal reentry and received a sentence of 70 months in prison, at the bottom of the applicable guidelines range. On appeal, Hernandez argues that his sentence is unreasonable and that he should have been granted a downward departure. He asserts that the district court did not apply the 18 U.S.C. § 3553(a) factors properly, did not take into account his cultural assimilation into the United States, created an unwarranted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disparity between his sentence and those of similarly situated defendants, and imposed a sentence that violated the Eighth Amendment's bar against cruel and unusual punishment. We lack jurisdiction to challenge the district court's denial of a downward departure, although Hernandez may still challenge his sentence as unreasonable. *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006); *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007), *abrogation on other grounds recognized by United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).

We review Hernandez's sentence for procedural and substantive reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 46 (2007). If error has been preserved, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). Although he asked for a sentence below the guidelines range, Hernandez did not specifically object to the sentence imposed. Thus, it is questionable whether he is entitled to review for abuse of discretion or merely for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Because Hernandez is unable to show either abuse of discretion or plain error, we need not decide which standard of review applies.

The record belies Hernandez's assertions that the district court treated the Guidelines as mandatory and failed to consider the § 3553(a) factors. *Cf. Gall*, 552 U.S. at 51 (listing these as procedural sentencing errors). Although Hernandez asserted that he had culturally assimilated to the United States, this is not a mandatory basis for a departure, and the district court was not required to accord this fact dispositive weight. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir, 2008); *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433-34 (5th Cir. 2001). Because Hernandez identified no similarly situated defendant who received a lesser sentence, he has not established sentencing disparity. *See* § 3553(a)(6); *United States v. Smith*, 440 F.3d 704, 709 (5th Cir.

2006). Hernandez's conclusional assertion of an Eighth Amendment claim does not warrant review. *See United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc).

Because it was within the properly calculated guidelines range, Hernandez's sentence is entitled to a presumption of reasonableness. *United States v. Newsom*, 515 F.3d 374, 379 (5th Cir. 2008). Moreover, the district court considered sentencing Hernandez below the guidelines range but determined that the record and the factors set forth in § 3553(a) called for a sentence at the bottom of that range. Hernandez has not shown that the district court committed "a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Consequently, the judgment of the district court is AFFIRMED.